

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 21, 1950

Hon. A. C. Winborn
District Attorney
Houston 2, Texas

Opinion No. V-1136.

Re: Issuance of poll tax
exemption certificates
to persons residing in
cities of 10,000 in-
habitants or more who
become twenty-one years
of age after January
31st of the year in
which they desire to
vote.

Dear Sir:

We refer to your request in which you ask:

"Question No. 1.  Is a person who
attains the age of twenty-one years aft-
er January 31st, but before the date of
an election at which such person offers
to vote, entitled to vote therein?

"Question No. 2.  Can exemption cer-
tificates qualifying such persons to vote
be issued after they attain the age of
twenty-one years, but subsequent to Janu-
ary 31st?"

The briefs accompanying your request indicate
that the voter in question is a resident of Houston, Harris
County, Texas, a city of 10,000 or more population.

Section 2 of Article VI, Constitution of Texas,
provides in part:

"Every person subject to none of the
foregoing disqualifications, who shall have
attained the age of twenty-one years and who
shall be a citizen of the United States and
who shall have resided in this State one year
next preceding an election and the last six
months within the district or county in which
such person offers to vote, shall be deemed
a qualified elector; provided, that electors

living in any unorganized county may vote at
any election precinct in the county to
which such county is attached for judicial
purposes; and provided further, that any
voter who is subject to pay a poll tax un-
der the laws of the State of Texas shall
have paid said tax before offering to vote
at any election in this State and hold a
receipt showing that said poll tax was paid
before the first day of February next pre-
ceding such election. . . ."

Section 3 of Article VII, Constitution of Texas,
provides in part:

"One-fourth of the revenue derived from
the State occupation taxes and poll tax of
one dollar on every inhabitant of the State,
between the ages of twenty-one and sixty
years, shall be set apart annually for the
benefit of the public free schools; . . ."

It is observed from the above constitutional pro-
visions that as soon as a person becomes twenty-one years
of age and is otherwise qualified, he is a qualified voter.

Article 2955, V.C.S., provides in part:

"Every person subject to none of the
foregoing disqualifications who shall have
attained the age of twenty-one (21) years
and who shall be a citizen of the United
States, and who shall have resided in this
State one year next preceding an election,
and the last six (6) months within the dis-
trict or county in which he or she offers to
vote, shall be deemed a qualified elector.
The electors living in an unorganized coun-
ty may vote at an election precinct in the
county to which such county is attached for
judicial purposes; provided that any voter
who is subject to pay a poll tax under the
laws of this State, shall have paid said tax
before offering to vote at any election in
this State and holds a receipt showing that
said poll tax was paid before the first day
of February next preceding such election;
and, if said voter is exempt from paying a
poll tax and resides in a city of ten thou-
sand (10,000) inhabitants or more, he or

she must procure a certificate showing his
or her exemptions, as required by this title.
. . ."

A person becoming twenty-one years of age aft-
er January 31st is not required to pay a poll tax for
that year. Art. 2959, V.C.S. Therefore, if a person be-
comes twenty-one years old after January 31st, he is ex-
empt from paying a poll tax for that year and may vote,
if otherwise qualified, any time during the year after
he becomes twenty-one without paying a poll tax provided
he has obtained a certificate of exemption. This answers
your first question.

Your second question is governed by the provi-
sions of Article 2968, V.C.S. This statute provides in
part:

"Every person who is exempted by law
from the payment of a poll tax, and who is
in other respects a qualified voter, who re-
sides in a city of ten thousand (10,000) in-
habitants or more, shall, before the first
day of February of the year when such voter
shall have become entitled to such exemption,
obtain from the Tax Collector of the county
of his or her residence, a certificate show-
ing his or her exemption from the payment of
a poll tax. .... ."

The only change made in Article 2968 by the
amendment of 1945 was with reference to annual renewal
certificates for those persons over sixty years of age,
and, insofar as it relates to those becoming twenty-one
years of age after January 31st, the Act remains unchanged.

In Texas Power & Light Co. v. Brownwood Public
Service Co., 111 S.W.2d 1225, 1227 (Tex.Civ.App. 1937,
error ref.), it is stated:

"Article 2968, R.S., as amended by
Acts 1930, 5th Called Sess., c. 26, sec.
1, Vernon's Ann. Civ. St. art 2968, ex-
pressly requires, in cities of more than
10,000 inhabitants, those who are exempt-
ed from payment of a poll tax, to procure
an exemption certificate before February
1st of the year in which they offer to

vote. This statute prescribes these re-
quirements with the same particularity
and exactness as do the statutes relat-
ing to payment of poll taxes."

Also in Attorney General's Opinion 0-4368 (1942),
it was asked:

"Is a person living in a city of
more than 10,000 inhabitants who becomes
21 years of age after January 31 of same
year as election, but before the election
is held, entitled to vote without having
secured a Certificate of Exemption?"

In answer thereto it was stated:

"The above Article 2968 relates ex-
clusively to those residing in a city of
10,000 inhabitants or more, and expressly
provides and requires the obtaining of a
certificate of exemption on or before the
31st day of January of the year in which
they offer to vote by those exempted by law
from the payment of the poll tax. There-
fore, your first question is respectfully
answered in the negative." (Empahsis ours)

Article 2968a, V.C.S., relating to certificates
of exemption to be issued to those persons who do not re-
side in a city of 10,000 inhabitants or more, provides in
part:

"Every person not subject to the dis-
qualifications set out in Article 2954 of
the Revised Civil Statutes of 1925 who does
not reside in a city of ten thousand inhabi-
tants or more, and who is exempt from the
payment of a poll tax by reason of the fact
that he or she has not yet reached the age
of twenty-one years on the first day of Jan-
uary preceding its levy, or who is exempt
from the payment of a poll tax because he or
she was not a resident of the State on the
first day of January preceding its levy, but
who shall have since become eligible to vote
by reason of length of residence or age,
shall, on or before the thirty-first day of
January of the year in which he or she offers

to vote, obtain from the Assessor and Collector of Taxes for the county of his or her residence a certificate of exemption from the payment of a poll tax, and no such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote. . . ." (Emphasis ours.)

In Clark v. Stubbs, 131 S.W.2d 663, 666 (Tex. Civ.App. 1939) it is stated:

". . . because each of them became 21 years of age after January, 1938, and prior to November 8, 1938, and under the governing statute, therefore, they were not entitled to vote without an exemption certificate. Art. 2968a, Vernon's Ann. Civ. St., Acts of 1935, 44th Leg. p. 686, Chap. 292, Sec. 1, provides that each of the voters in question was required to obtain an exemption certificate before he or she would be entitled to vote. Neither of them obtained such a certificate. The statute is mandatory and these voters were not qualified to vote at the election, and the trial court correctly excluded all of such votes. . . ." (Emphasis ours.)

In Attorney General's Opinion O-1741A (1940), it was held:

". . . the cases of Clark v. Stubbs and Rogers v. Smith, supra, specifically hold that those persons exempt from the payment of the poll tax by reason of non-age and residing in a city of less than 10,000 inhabitants must obtain exemption certificates on or before the 31st day of January of the year in which they offer to vote. . . ."

See also Att'y Gen. Op. O-4728 (1942).

It is apparent from reading Article 2968a, Clark v. Stubbs, supra, and the above Attorney General's Opinions, that those persons who do not reside in a city of 10,000 or more, who become twenty-one years of age after January 31st but prior to the day of the election, must obtain certificates of exemption before February 1st in order to vote.

We do not believe that the Legislature intended a different rule as to those persons residing in cities of 10,000 or more.

We do not interpret Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625 (1948) as announcing a contrary holding. In that case the court was considering the effect of the 1945 amendment of Article 2968 (Acts 49th Leg. 1945, ch.333, p.547), which abolished the provision for permanent certificates of exemption and provided instead that "all certificates of exemption shall be renewed or reissued annually." The court held that the Legislature in enacting this amendment "did not intend that voters exempted from the payment of the poll tax, who have procured certificates of exemption as required by the first paragraph of the amended article, shall lose their rights to vote for failure to procure renewed or reissued certificates for the current year." Even prior to the 1945 amendment, a permanent exemption certificate was not authorized for "under-age." Hence, the amendment providing for annual renewal had no application to temporary nonage certificates and did not purport to change the requirements regulating their issuance. The opinion in Thomas v. Groebl expressly recognized that the first paragraph of the amended article requires the exempted person to obtain a certificate, other than a renewal or reissuance, before the first day of February. The court said in 147 Tex. 77, 212 S.W.2d 629:

"Thus the substance of the Act is that it requires, as it did before, that the exempted person procure his certificate of exemption before the first day of February of the year when he shall have become entitled to the exemption, and, by way of change, that all certificates of exemption shall be renewed or reissued annually." (Emphasis ours.)

In addition to the above we call attention to the changes in Texas election laws recommended by the Attorney General to the Governor's Committee on Election Laws under date of January 3, 1949. Among other things, it was there pointed out "that a person becoming of age after January 31 but prior to the date of the election must secure an exemption certificate from the assessor-collector of his county not later than January 31st. . . . Certainly this law should be changed so that a young person casting his first free vote will not have

to swear falsely in order to secure an exemption certificate." This recommendation, along with others, was embraced in a report from the Governor to the Legislature, but no bill was passed on the subject.

In view of the foregoing we answer your second question in the negative.

## SUMMARY

A person who becomes twenty-one years of age after January 31st, but before the date of an election, may vote in such election, if otherwise qualified, without paying a poll tax, provided he has obtained an exemption certificate. Tex. Const. Art. VI, Sec.2. Under the present law, such person cannot be issued an exemption certificate subsequent to January 31st of the year in which he is offering to vote., Art. 2968, V.C.S.; Texas Power & Light Co. v. Brownwood Public Service Co., 111 S.W.2d 1225, 1227 (Tex.Civ.App. 1937, error ref.); Att'y Gen. Op. O-4368 (1942); Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625, 629 (1948).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BA:mw:em

Yours very truly,

PRICE DANIEL
Attorney General

By *Bruce Allen*
    Bruce Allen
    Assistant